Filed 7/10/24  In re S.W. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re S.W., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU, <br><br>     Petitioner and Respondent, <br><br> v. <br><br> A.W. and S.V., <br><br>     Defendants and Appellants. | A168222 <br><br> (Contra Costa County Super. Ct. No. J21-00479) |

**MEMORANDUM OPINION**[1]

A.W. (Mother) and S.V. (Father) appeal from an order terminating their parental rights as to S.W. (Child) under Welfare and Institutions Code

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  The background section of our opinion denying Mother's petition for extraordinary writ relief from the order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing in the same underlying matter is hereby incorporated by reference.  (*A.W. v. Superior Court* (Mar. 24, 2023, A166806 [nonpub. opn.]) at pp. 2–16.)

1

section 366.26.[2] Generally, Mother and Father challenge the sufficiency of the evidence supporting the order. But because their specific claims are either unreviewable or forfeited, we affirm.

Under section 366.26, subdivision (c)(1), a "finding under subdivision (b) . . . of [s]ection 361.5 that reunification services shall not be offered . . . shall constitute a sufficient basis for termination of parental rights" unless certain enumerated exceptions apply. Here, in the same hearing in which the section 366.26 hearing was ordered, the juvenile court found that section 361.5, subdivision (b)(10) and (11), applied and accordingly, ordered that reunification services not be offered. Since "[a]ll orders issued at a hearing in which a section 366.26 hearing is ordered . . . must be reviewed by extraordinary writ" (*In re Tabitha W.* (2006) 143 Cal.App.4th 811, 817), the section 361.5, subdivision (b), "finding . . . that reunification services shall not be offered" and the other findings anticipating the section 366.26 hearing in this case are not reviewable here.[3] (§ 366.26, subd. (c)(1).)

Consequently, the only potentially remaining and reviewable question is whether any exception enumerated in section 366.26, subdivision (c)(1), applies and thus renders the juvenile court's previous section 361.5, subdivision (b), findings an *insufficient* basis for terminating parental rights. However, that issue is not raised in Mother and Father's respective opening briefs, whose only argument concerns the juvenile court's "finding of danger to" Child. As we observed when deciding Mother's writ petition, that finding

---

[2] Undesignated statutory references are to the Welfare and Institutions Code.

[3] In any event, we previously concluded that the findings under section 361.5, subdivision (b), were supported by substantial evidence. (*A.W. v. Superior Court, supra,* A166806, at pp. 17–21.)

2

was implicitly made by the juvenile court when it bypassed reunification services under section 361.5, subdivision (b), and moreover, the same finding was supported by substantial evidence. (*A.W. v. Superior Court*, *supra*, A166806, at pp. 23–24.) Although Mother does argue in her reply brief for the application of the beneficial parent-child relationship exception enumerated in section 366.26, subdivision (c)(1)(B)(i), that contention is forfeited because " 'points raised for the first time in a reply brief are not considered by the court.' " (*Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 548.)

In sum, because Mother and Father have forfeited the only reviewable issue they raise, they have failed to adduce any ground for reversal.[4]

## DISPOSITION

We affirm the order terminating parental rights.

---

[4] However, in light of the reply brief's belated treatment of an arguable appellate issue, we decline the Bureau's invitation to impose sanctions for Mother and Father's pursuit of what might reasonably be characterized as a frivolous appeal.

HITE, J. *

We concur:

STREETER, Acting P. J.
GOLDMAN, J.

*In re S.W.* (A168222)

* Judge of the Superior Court of California, County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4